## HARFORD v DEGENHART

·Ohio Appeals, 2nd Dist, Clark Co

No 362. Decided April 13, 1937

George S. Dial, Springfield, for plaintiff.
A. C. Link, Springfield, and M. E. Spencer, Springfield, for defendant.

## OPINION

BY THE COURT

This matter proceeds on a citation on contempt and is submitted, on an agreed statement of facts, the defendant having entered a plea of not guilty. The judgment decree in this case which the Supreme Court of Ohio refused to consider on a motion to certify provides in part:

"It is therefore ordered, adjudged and. decreed that an injunction is hereby granted and ordered to be issued, restraining the defendant or any person for him from using his said dwelling house, located upon the premises in said amended petition described and known as No. 1706 East High Street in the City of Springfield, Ohio, as an embalming or undertaking establishment or funeral home or from conducting on said premises an undertaking or embalming establishment or funeral home or funeral business or profession or the profession of a mortician."

It will be noted that the injunction restraining the defendant from doing all the acts set forth in the decree among which is the operation of a funeral home in his dwelling house. The agreed statement of facts recites that since the date that the Supreme Court refused to certify the record for review the defendant has been and is using the premises, being those described in the petition "as a funeral home in addition to that of his private dwelling." This recital is an admission of a violation of one, of the express terms of the injunction decree.

It is urged, however, that the defendant is not in contempt of this court because on May 15, 1936 the Board of Adjustment of the City of Springfield, after a public hearing, under ordinance 3081 of said city, granted permission to the defendant to continue the operation of his business at 1708 East High Street for twenty-five months from May 1, 1936.

The action of the Board of Adjustment was taken by virtue of the zoning ordinance of the City of Springfield and if the authority for the injunction rested only upon a finding of violation of the zoning ordinance there might be some force in the claim of the defendant.

Counsel and the parties know that the cause of action of the plaintiff proceeded at all times upon two causes of action. The first, that the operation of the business of the defendant as alleged in the petition constituted a nuisance. The second. that the conduct of such business on the premises described was in violation of the zoning ordinance of the City of Springfield, Ohio.

This court held that both causes of action were established by the proof. When, then, after decision, an application was made to set up defensively the action of the zoning board, now asserted as a defense to the contempt citation, it was refused

by this court for the reason that, if true, it would not and could not change the judgment because reaching but one of the two causes of action upon which the judgment of reversal was to be predicated.

The action of the court and the reasons therefor were obvious and were stated at length when the matter was presented. This order of the court refusing the defendant the right to set up the action of the board of adjustment was made a part of the record assigned as prejudicial error and made a subject of consideration for the Supreme Court on the motion to certify. The Supreme Court by its denial of the motion to certify the record refused to review the action of this court and left its judgment unreversed and unmodified It follows that, if the action of the Adjustment Board when brought to our attention and to the consideration of the Supreme Court did not require a modification or reversal of the decree, it could not at this time be a good defense to a contempt proceeding.

The admitted action of the defendant in continuing to operate a funeral home on the premises described in the petition is a violation of the letter and plain import of the injunction and compels us to say that he is in contempt of this court, as charged.

We assume that the defendant will not longer disobey the mandate of this court and we will, therefore, defer any further order in this proceeding for a period of thirty days to which time it is continued.

BARNES, PJ, and HORNBECK, J, concur. GEIGER, J, not participating.